IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LUKE ADAMS, an individual, RYAN PAGE, an individual, ADAM ZUCKERMAN, an individual, AARON THOMAS, an individual, VENTUREPHARMA, LLC, a Wyoming limited liability company, MERCURY VENTURES, LLC, a Wyoming limited liability company, and SHARED SUCCESS, LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT CONNELLY, an individual, MICHAEL ROBERTS, an individual, DARREN MEADE, an individual, PAUL PORTELLI, an individual, TAMMY CONNELLY, an individual, DON ASPINALL, an individual, VINCENT ANDRICH, an individual, GLENN PUIT, an individual, REXXFIELD, LTD, LLC, a Nevada limited liability company and JOHN DOES 1-10,<br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS FOR RELIEF FROM ENTRY OF DEFAULT RE DARREN MEADE and DON ASPINALL and DENYING MOTIONS TO STRIKE PRO SE ANSWERS OF DARREN MEADE and DON ASPINALL**<br><br>Case No. 1:11-cv-00169-DN<br><br>District Judge David Nuffer |

The Motions for Relief from Entry of Default[1] filed by defendant Darren Meade and defendant Don Aspinall ("Defendants") are granted in this order. This order also denies the Motions to Strike Pro Se Answers of Don Aspinall and Darren Meade[2] filed by plaintiffs Luke Adams, Ryan Page, Adam Zuckerman, Aaron Thomas, VenturePharma, LLC, Mercury Ventures, LLC, and Shared Success, LLC ("Plaintiffs").

---

[1] Motion for Relief from Entry of Default Re Darren Meade ("Motion for Relief 19"), docket no. 19, filed February 26, 2012; Motion for Relief from Entry of Default Re Don Aspinall 2012 ("Motion for Relief 21"), docket no. 21, filed February 26, 2012.

[2] Motion to Strike Pro Se Answer of Don Aspinall ("Motion to Strike 17"), docket number 17, filed January 27, 2012; Motion to Strike Pro Se Answer of Darren Meade ("Motion to Strike 18"), docket number 18, filed January 27, 2012.

**Background**

On December 20, 2011, Plaintiffs served the complaint ("Complaint")[3] on Defendants.[4] The answer deadline was January 19, 2012, and Defendants failed to file answers by that date.[5] On January 20, 2012, Plaintiffs filed two motions for default certificates against Defendants with the Clerk of Court.[6] The Clerk of Court entered a Default Certificate Re Darren Meade and a Default Certificate Re Don Aspinall (the "Defaults") on January 23, 2012.[7] Defendants filed pro se answers on January 24, 2012[8] and January 25, 2012.[9] Defendants seek relief from entry of default against them.

**Discussion**

Under Rule 55(c) of the Federal Rules of Civil Procedure the "court may set aside an entry of default for good cause."[10] Good cause exists where: "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment."[11] Additionally, the standard for good cause under Rule 55(c) "poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."[12] Defendants argue the Defaults should be set aside under Rule 55(c) because (1) the

---

[3] Complaint, docket no. 2, filed November 23, 2011.

[4] Motion for Relief 19 at 3; Motion for Relief 21 at 3.

[5] Motion for Relief 19 at 4; Motion for Relief 21 at 4.

[6] Motion for Relief 19 at 4; Motion for Relief 21 at 4.

[7] Default Certificate Re Darren Meade, docket no. 13, filed January 23, 2012; Default Certificate Re Don Aspinall, docket no. 14, filed January 23, 2012.

[8] Answer of Defendant Don Aspinall to Complaint, docket no. 15, filed January 24, 2012.

[9] Answer of Defendant Darren Meade to Complaint, docket no. 16, filed January 25, 2012.

[10] Fed. R. Civ. P. 55(c).

[11] *United States v. Timbers Preserve, Routt County Colo.*, 999 F.2d 452, 454 (10th Cir. 1993).

[12] *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed. Appx. 744, 750 (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997)).

late filing of their respective answers does not constitute culpable conduct, (2) Defendants have offered a meritorious defense to Plaintiffs' alleged injury, and (3) setting aside the default at this stage in the litigation will not prejudice Plaintiffs.[13]

   A.  Culpable Conduct

"Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for default."[14]

Plaintiffs argue Defendants' California counsel knew about this action as early as December 1, 2011, giving Defendants nearly 60 days in which to file an answer.[15] Defendants' California counsel communicated with Plaintiffs' counsel during the relevant time period about the action, so Defendants were aware of the impending deadline, and still failed to file a timely answer.[16] Plaintiffs argue the failure to file a timely answer constitutes culpable conduct because Defendants willfully failed to file despite the fact they were aware Plaintiffs would not stipulate to an extension.[17] Moreover, Plaintiffs argue Defendants have no other excuse for their failure to file a timely answer.[18]

Defendants first argue their conduct was not culpable because Defendants' California counsel contacted Plaintiffs on January 12, 2012, approximately one week before the filing deadline, to request an extension as a matter of professional courtesy.[19] Defendants requested an

---

[13] Joint Reply Memorandum in Support of Motion for Relief from Entry of Default re Darren Meade and in Support of Motion for Relief from Entry of Default re Don Aspinall ("Joint Reply Memorandum"), docket no. 39, filed February 27, 2012.

[14] *Timbers Preserve*, 999 F.2d at 454.

[15] Memorandum in Opposition to Motion to Set Aside Default Re Darren Meade ("Opposition Memorandum"), docket no. 30, filed February 10, 2012.

[16] Opposition Memorandum at 8.

[17] *Id*.

[18] *Id*.

[19] Joint Reply Memorandum at 4.

extension because they had not yet heard back from their insurance company about tendering a defense.[20] Defendants believed Plaintiffs would stipulate to an extension because, on January 11, 2012, Plaintiffs readily agreed to an extension of time to file an answer for co-defendants Scott and Tammy Connelly.[21] Plaintiffs did not respond to these Defendants' request for extension until January 16, 2012, when Plaintiffs refused to stipulate to an extension.[22] On January 16, 2012, Defendants acknowledged the denial of the extension, but requested 48-hours' notice prior to Plaintiffs seeking default.[23] Plaintiffs did not respond to the request for prior notice and instead filed two Motions for Entry of Default on January 20, 2012.[24] Defendants argue their good faith attempt to procure an extension demonstrates their conduct was not culpable.[25]

Defendants also argue they were working to answer the Complaint by first arranging for their insurance company to tender a defense.[26] Defendants contacted their insurance company on December 5, 2011 (15 days before Defendants were served) and informed the insurance company of this action.[27] Defendants argue this demonstrates they were in the process of answering the Complaint, and, therefore, Defendants did not willfully default.[28]

Defendants were working to answer the Complaint by taking the necessary first step of obtaining local Utah counsel. Defendants submitted their request to the insurance company over

---

[20] *Id*.

[21] *Id* at 5.

[22] *Id*.

[23] *Id*.

[24] *Id*.

[25] *Id*.

[26] *Id* at 4.

[27] *Id*.

[28] *Id* at 6.

two weeks before Plaintiffs had even served Defendants with the Complaint. When Defendants still had not obtained approval of their tender a week before the filing deadline, Defendants made a reasonable, good faith request for an extension of time. Underestimating the amount of time it will take for an insurance company to approve a request to tender a defense, and then being denied the courtesy of a reasonably requested extension, does not amount to culpable conduct.

B. Meritorious Defense

Next, Defendants must show they have a meritorious defense.[29] "The parties do not litigate the truth of the claimed defense in the motion hearing. . . . Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action."[30] Additionally, "vague and general assertions" without supporting facts do not provide the basis for a meritorious defense.[31]

Plaintiffs' sole cause of action is under the federal Anti-Wiretapping statute, codified at 18 U.S.C. § 2510 *et seq.* ("Wiretap Statute").[32] Plaintiffs allege Defendants did not argue a meritorious defense to that claim.[33] Defendants do cite a portion of the Wiretap Statute but fail, Plaintiffs argue, to provide the requisite context for the statute that would present a cognizable defense.[34] Specifically, Plaintiffs argue Defendants do not provide any declarations, statements

---

[29] *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).

[30] *Id*.

[31] *Id* at 1321.

[32] Compl., docket no. 2, filed November 23, 2011.

[33] Opposition Memorandum at 8.

[34] *Id*.

of fact, affidavits, or legal memoranda supporting the allegedly exculpatory portion of the statute.[35]

Defendants argue the portion of the Wiretap Statute they cite does provide the basis for a meritorious defense.[36] "It shall not be unlawful under this chapter for a person . . . to intercept a wire, oral, or electronic communication where such person is a party to the communication."[37] Defendants argue that all of the alleged recorded conversations were recorded by individuals who were parties to those conversations.[38] Further, Plaintiffs have not alleged any conduct that would deem the recorded conversations unlawful under any other part of § 2511(2)(d).[39]

The Rule requires Defendants to allege facts which, if true, constitute a meritorious defense. Defendants have proffered more than vague and general assertions. Specifically, Defendants have alleged they were parties to the communications they allegedly intercepted, and under § 2511(2)(d) this constitutes a meritorious defense. Accordingly, Defendants have satisfied the Rule's burden of presenting a potentially cognizable defense, which, if proven at trial, could be a defense against the statute under which Plaintiffs have sued.

C. Prejudice to Plaintiffs

Finally the Defaults will not be set aside if prejudice to Plaintiffs would result.[40] Plaintiffs argue they would suffer significant prejudice because setting aside the Defaults would hinder their ability to immediately recover the recordings and obtain a remedy for the alleged

---

[35] *Id* at 8-9.

[36] Joint Reply Memorandum at 8.

[37] 18 U.S.C. § 2511(2)(d).

[38] Joint Reply Memorandum at 8.

[39] *Id*.

[40] *Timbers Preserve*, 999 F.2d at 454.

damage caused by Defendants.[41] "A default against [Defendants] is a first step on the path to [P]laintiffs' recovering the recordings and remedying the damage caused by [Defendants]."[42]

Defendants argue Plaintiffs will suffer no prejudice by setting aside the Defaults.[43] Specifically, Defendants argue the litigation is still in its inception and Plaintiffs are suing seven other parties in addition to Defendants.[44] Defendants argue Plaintiffs still have to litigate their claim against the seven other co-defendants and the majority of those co-defendants have yet to file their answers.[45]

Requiring Plaintiffs to litigate their claim against Defendants does not subject Plaintiffs to significant prejudice. At the time Plaintiffs filed their Motions for Default, four of the nine defendants had yet to be served process. Further, at present, only four of the nine co-defendants have filed answers, including Defendants. The litigation is still in the very early stages. Setting aside the Defaults and making Plaintiffs litigate their claim on the merits will not cause Plaintiffs prejudice.

---

[41] Opposition Memorandum at 9.

[42] *Id*.

[43] Joint Reply Memorandum at 7.

[44] *Id*.

[45] *Id*.

**ORDER**

For the reasons stated herein,

IT IS HEREBY ORDERED that Defendants' Motions for Relief from Entry of Default[46] are GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike Pro Se Answer of Don Aspinall[47] and Plaintiffs' Motion to Strike Pro Se Answer of Darren Meade[48] are DENIED.

Dated June 5, 2012.

BY THE COURT:

David Nuffer
United States District Judge

---

[46] Docket nos. 19 and 21.

[47] Docket no. 17.

[48] Docket no. 18.